**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.

Case No. 4:99cr71-RH
Case No. 4:06cv11-RH/WCS

**LAWRENCE LOMBARDI,**

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON MOTION TO FILE § 2255 MOTION

Defendant Lombardi, proceeding pro se, filed a "Motion to File a <u>Non-Successive</u> Application for Relief to Vacate, Set Aside, or Correct Sentence Pursuant to 28 United States Code Section 2255," with supporting memorandum. Docs. 190 and 191.

Defendant alleges that his claim could not have been raised previously because it is based on newly discovered evidence. He claims that appellate counsel was ineffective because he did not have or did not review the complete record in preparing the appeal. *Id.*, p. 5. Defendant relies on a letter of appellate counsel dated February 22, 2005, stating he did not recall whether any FBI 302 Investigative Reports were included in the record when he prepared the appeal, but has not reviewed the record to verify this. *Id.* p. 5 and Ex. A. Defendant asserts that counsel failed to review and

obtain a complete record on appeal, or hire an investigator, and should have hired an investigator assist him in analyzing the reports that were available. *Id.*, pp. 6-7.

**Prior Proceedings**

Defendant previously filed a § 2255 motion through counsel. Doc. 143. The undersigned entered a lengthy report and recommendation, concluding that the motion should be denied without an evidentiary hearing, with prejudice. Doc. 153. Counsel for Defendant filed objections. Doc. 154. The objections, entered on the docket on November 21, 2003, specifically noted that documentation received only a month before, in response to a Freedom of Information Act (FOIA) request made three years before, supported a possible alternate perpetrator defense (which would support the ineffective assistance of counsel claim). Doc. 154, pp. 4-5.

While the recommendation was still pending, Defendant filed a pro se motion for new trial on April 14, 2004 (the date delivered to prison officials for mailing). Doc. 155. He claimed that one response to his FOIA request, which took nearly three years to receive, was a 302 report regarding an interview of September 19, 1999, with a black female who claimed that she knew the identity of the bomber and more trouble could be expected, referencing homecoming. Doc. 155, p. 1. Defendant cited the objections to the recommendation (filed by counsel) at p. 4, and asserted that the Government had suppressed this favorable evidence. *Id.*, p. 2. The undersigned entered a report and recommendation, noting that Defendant referenced the objections already filed by counsel, so the claims were already under consideration in the § 2255 proceeding. Doc. 156, p. 1. Moreover, as a motion for new trial it was untimely. *Id.*, p. 2.

The Government filed a response to the report and recommendation, agreeing that the motion for new trial was untimely. Doc. 157, p. 1. For the record, the Government supplied the purported material, an FBI 302 report of an interview with a person identifying herself as Jennifer Jackson. *Id.*, p. 2 and attachment. Counsel for the Government had located the report in a file of reports disclosed to defense counsel before trial. *Id.*

On review of the report and recommendations and objections filed, the court denied the § 2255 motion, with the clerk to enter judgment accordingly, and denied the motion for new trial. Doc. 159 and 160 (judgment entered May 17, 2004). A certificate of appealability and leave to proceed in forma pauperis on appeal were denied by this court and the court of appeals. Docs. 165, 170, 172, 181 and 182.

**Legal Analysis**

Section 2255 provides, in relevant part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See also* § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Section 2244 (incorporated by § 2255) provides that "[a] claim presented in a second or

successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," and "[a] claim presented in a second or successive habeas application under section 2254 that was not presented in a prior application shall be dismissed unless" certain requirements are met.

Despite the denial of his § 2255 motion on the merits, Defendant claims this is a "non-successive" application.  Doc. 191, p. 1.  He asserts that the statute does not define "second or successive," and that it is clear from reading the "plain language" of the statute that the words should not be taken literally.  Doc. 191, p. 3 (noting that the one year limitations period for filing a § 2255 motion, under paragraph 6, sections (3) and (4), can run from a newly recognized right or newly discovered facts.  He asserts that the court's inquiry should focus on the substance of the prior proceeding, and here he raises an issue which "has just surfaced and has not been argued or adjudicated," so it is not successive and also not procedurally defaulted.  *Id.*, p. 4.  Defendant claims that there can be no finality where a claim was not heard on the merits, and not allowing him to raise this claim constitutes suspension of the writ.  *Id.*

Calling the application "non-successive" does not make it so.  As quoted above, § 2255 allows a second or successive motion which is certified to contain "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  If a motion raising new evidence could not be second or successive, this language would have no purpose or meaning.

Moreover, the Eleventh Circuit denied this Defendant's application for leave to file a second or successive § 2255 motion based on new evidence.  Doc. 189 (opinion of

October 14, 2005).[1]  If a motion raising a claim not previously available or based on new evidence was not second or successive, the court could have denied the application as unnecessary.  Instead, the court found that Defendant did not satisfy the statutory criteria for filing a second or successive motion.  "Even if the FBI report qualified as new evidence," it was not "'sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Lombardi] guilty of the offense.'"  *Id.*, quoting § 2255.

Defendant's attempt to evade the ruling of the Eleventh Circuit and restrictions of § 2255, by deeming his § 2255 motion as non-successive, should be rejected.

**Recommendation**

It is therefore it is respectfully **RECOMMENDED** that Defendant's motion to file a non-successive § 2255 motion, doc. 190, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2006.


    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The evidence presented was the response to a Freedom of Information Act request to the FBI, received in October of 2003, detailing a telephone interview with a person identifying herself as Jennifer Jackson.  *Id.*, p. 2.  As set forth *supra*, this was the information alleged in counsel's objections and Defendant's pro se motion for new trial, docs. 154 and 155.  Regarding this report the Eleventh Circuit found that, "at best, it summarizes an unsubstantiated allegation by someone who did not witness the crime and merely repeated a rumor that she had heard."  *Id.*

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**