UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Lawrence Lombardi,
petitioner,

vs. + Case No.4:99CR71/RH

United States of America
respondent

FILED 06 FEB 14 PM 1:13 U.S. DISTRICT COURT NORTHERN DIST. FLA. TALLAHASSEE, FLA.

OBJECTIONS TO THE MAGISTRATE"S REPORT REGARDING THE PETITIONER"S MOTION TO VACATE,SET ASIDE,OR CORRECT SENTENCE PURSUANT TO 28U.S.C.2255

Comes now,the petitioner,Lawrence Lombardi,who respectfully objects to the report and recommendation of the United States Magistrate regarding the petitioner"s motion pursuant to28U.S.C. 2255.The petitioner maintains that:

1. The magistrate incorrectly reconstrued petitioner"s motion as being subject to the requirements of 28 U.S.C.2244.

2. The petitioner received ineffective assistance of counsel at the appellate stage.

ARGUMENT

1.The magistrate incoprectly reconstrued petitioner"s motion as being subject to the requirements of 28 U.S.C.2244.

The Supreme court ruled that recharacterization of a pro se litigant"s brief was improper.CASTRO vs.U.S.540U.S.375. Petitioner did not raise this issue with the intention of attempting to convince a reasonable fact finder of his innocence. Which if he had done so,then his motion would be subject to the successive petition standard. Petitioner"s claim deals with a

fifth and sixth amendment violation as it applies to appellate counsel. The magistrate failed to address the merits of the petitioner"s claim and reconstrued it as a "second or successive" motion subject to U.S.C. 2244. The petitioner reiterates that the statute does not define "second or successive",and that the words should not be taken literally.Doc 191 p.3.See STEWART vs.MARTIN-VILLAREAL 523 U.S.637,644(1998).The Eleventh Circuit has joined its sister circuits in stating that an issue that has not been heard or adjudicated because it was not known to the petitioner at least in time of the filing of the first petition,is not "second or successive" under the language of the AEDPA. See MEDBERRY vs.CROSBY 351 F3d 1050(11th cir 2003),citing Crouch vs. Norris 251 F3d 720(8th cir 2001).The courts in unison,stated that the term"second or successive";remains a term of art that must be given meaning by reference to both the body of case law developed before the enactment of the AEDPA and the policies that prompted AEDPA"s enactment.CROUCH vs.NORRIS id.720.

2. **THE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE APPELLATE STAGE.**

As an officer of this court, appellate counsel had a duty to represent his client tothe best of his ability.That is not what happened in the instant case.It is clear from counselor"s letter to the petitioner that he violated not only the canon ofethics but also the rules of this court governing attorney practice. The Jackson Report which has been referenced by both parties in previous proceedings is not the crux of petitioner"s

argument, as it appears in the Magistrate"s report. Doc 191 p.3.But in fact,is counsel"s performance as a whole.These FBI reports were available to counsel and he simply faild to obtain them and review them.These reports are part of the record.The petitioner is not or was not in a position to determine which document was of importance,but was counsel"s duty to perform this vital function.The Supreme court in ROMPILLA vs.BEARD 162 Led 2d 360(2005),held that it was reversible error for counsel not having the whole record for review, which fell below an objective standard of reasonableness,thereby providing deficient performance.Id.373,375,377.In addition,the court stated that counsel"s actions were against the standards set forth by the American Bar Association. In the instant case, failure to review the record denied the petitioner meaningful appellate review,one as of right guaranteed by the sixth amendment.Many of the FBI reports received by the petitioner, several which came into the petitioner"s possession only recently(May 05),contain the names of individuals who had motive and opportunity to commit the crimes that the petitioner was charged with.Excluding the Jackson Report.Looking at the facts of this case,including what counsel may have found if he had reviewed the trial record and the FBI reports in a circumstantial evidence case using Eleventh circuit standards regarding circumstantial evidence cases, any document that shows an alternate and equally plausible theory should have been investigated.See HELTON vs.FLORIDA DOC 233 F3d 1325 (11cir2000).

This issue should have been in petitioner"s first 2255 but was not due to a government impediment in receiving these reports. When the petitioner received the final set of documents he got in touch with former appellate counsel.Doc191p.3.Counsel admitted that he had not reviewed the record on appeal.Because of counsel"s malfeasance,he did not received meaningful appellate review as of right.EVITTS vs.LUCEY,469 U.S.387,406 (1985) As a result,petitioner should not be held to the more stringent standard regarding successive petitions. There as stated in FELKER vs. TURPIN 518 U.S. 651,664 (1996);A modified resjudicata rule exists and there can be no finality when the issues have not been heard on the merits.As the magistrate erred in his report, the petitioner asks that the court not adopt his recommendations, as they are against well established law. The petitioner asks this honorable court to readdress his claims which violated his fundamental rights under the Constitution.

Respectfully Submitted,

Lawrence Lombardi

Lawrence Lombardi
P.O. Box 1000
Lewisburg Pa. 17837

Certificate of service

I,Lawrence Lombardi,do hereby certify that a true and correct copy of the above, has been furnished to Karen Rhew,AUSA,111 N.Adams st,4th floor,Tallahassee Florida 32301, by U.S.mail this 10th day of February 2006.

Lawrence Lombardi

Lawrence Lombardi