IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                    Case Nos. 4:99cr71-RH/HTC
                                                4:20cv82-RH/HTC
LAWRENCE LOMBARDI,

       *Defendant.*

_____/

### UNITED STATES' RESPONSE TO DEFENDANT'S SUCCESSIVE MOTION TO VACATE UNDER 28 U.S.C. § 2255

Defendant Lawrence Lombardi has filed a successive motion to vacate under 28 U.S.C. § 2255, seeking to vacate his convictions under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a crime of violence, namely maliciously damaging property by use of an explosive. Doc. 239. In *United States v. Davis,* 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. In light of *Davis*, Lombardi contends that his § 924(c) convictions and consecutive sentences must be vacated. While the government agrees that malicious damage to property offenses under 18 U.S.C. § 844(i) cannot qualify as "crime of violence" predicates for § 924(c) offenses after *Davis*, Lombardi's successive § 2255 motion must be dismissed because he has not shown that his motion relies on a new rule of constitutional law, as required by § 2244(b)(4) and § 2255(h)(2).

# I. Background

## A. Lombardi's Conviction and Subsequent Proceedings

On August 31, 1999, at approximately 12:45 p.m., a pipe bomb exploded in the first floor men's restroom at Lee Hall on the campus of Florida Agricultural and Mechanical University ("FAMU"), a historically black university in Tallahassee, Florida. PSR ¶ 11. On September 22, 1999, at approximately 10:30 a.m., a second pipe bomb exploded on the second floor men's restroom within FAMU's Perry-Paige Building. PSR ¶ 13. Both bathrooms sustained damage in the explosions. Doc. 117-1 at 264-65; Doc. 118-1 at 28-30. No one was injured in either bomb, though the second bomb came close to injuring a FAMU employee who was just outside the bathroom door when the bomb went off. Doc. 117-1 at 274-75. Anonymous phone calls made by the bomber to local media figures indicated that the bombs were motivated by racial animus. PSR ¶¶ 13, 15, 17, 20.

Through diligent investigative work, Lombardi was identified as the bombing suspect. On November 20, 1999, a grand jury sitting in the Northern District of Florida issued a superseding indictment charging Lombardi with six counts related to the bombings:

- **Counts One and Three**: knowingly, intentionally, and maliciously damaging and attempting to damage by means of an explosive Lee Hall (Count One) and the Perry-Paige Building (Count Three), in violation of 18

U.S.C. § 844(i);

- **Counts Two and Four**: knowingly using and carrying a destructive device, commonly known as a "pipe bomb," during and in relation to a crime of violence, to wit, damaging and attempting to damage a building by means of an explosive, as charged in Counts One and Three of the indictment, in violation of 18 U.S.C. § 924(c); and

- **Counts Five and Six**: knowingly, willfully and by force and threat of force, that is, by placing and causing to be placed a destructive device, commonly known as a "pipe bomb," in Lee Hall (Count Five) and the Perry-Paige Building (Count Six), buildings on the campus of FAMU, a public school and college, did injure, intimidate, interfere with and did attempt to injure, intimidate and interfere with students because of their race and color and because such students had enrolled in and attended and were enrolling and attending the Florida Agricultural and Mechanical University, and such included the use, attempted use and threatened use of explosives, in violation of 18 U.S.C. § 245(b)(2)(A).

Doc. 87.

Lombardi went to trial, where his primary defense was that the government's evidence failed to prove beyond a reasonable doubt that he was the bomber. *See generally* Doc. 117-1 at 223-243; Doc. 122-1 at 42-85. Lombardi never argued at

trial that the maliciously damaging property offenses charged in Counts One and Three of the indictment did not constitute "crimes of violence," as charged in Counts Two and Four. *See* Doc. 120 at 1136-37, 1160, 1231. With respect to Counts Two and Four, the Court's instructions to the jury did not define "crime of violence." *See* Doc. 88 at 13-15. Rather, the instruction tasked the jury with deciding whether Lombardi had used and carried a pipe bomb during and in relation to the maliciously damaging property offenses charged in Counts One and Three. *Id.* *See also* Doc. 120-1 at 257-264 (this Court's charging conference with the parties). The jury convicted Lombardi of all counts.

The penalty range for Counts One and Three was 5 to 20 years' imprisonment. PSR ¶ 135. The maximum term of imprisonment for Counts Five and Six was 10 years. PSR ¶ 138. Count Two mandated a consecutive term of at least 30 years' imprisonment. PSR ¶ 136. Count Four mandated a consecutive term of life imprisonment. PSR ¶ 137.

During sentencing, this Court determined that Lombardi's guideline range for Counts One, Three, Five, and Six was 87 to 108 months.[1] Doc. 124 at 20. Lombardi challenged Count Four's mandatory life sentence, arguing that a proper interpretation of the statute resulted in another mandatory consecutive term of 30

---

[1] This was based on a total offense level 29 and a criminal history category of I. Doc. 124 at 20. Lombardi objected to the PSR's calculation of the guideline range, and that objection was partially sustained at sentencing. *See* id. at 7-19.

years' imprisonment instead of life. *Id.* at 2-8, 31. Once again, Lombardi did not dispute that the offenses charged in Counts One and Three of the indictment qualified as crimes of violence for purposes of Counts Two and Four. *See id.* This Court overruled Lombardi's objection to Count Four's sentence, *id.* at 7-8, and sentenced Lombardi to concurrent terms of 108 months' imprisonment on Counts One, Three, Five, and Six, with a consecutive 30 years' on Count Two, and a consecutive term of life on Count Four, *id.* at 36, for a total term of life plus 39 years.

Lombardi appealed his convictions, arguing that this Court erred in (1) denying his pretrial motion to suppress evidence and (2) admitting evidence of his racial animus towards black people during trial. *See* Doc. 137. The Eleventh Circuit affirmed, *id.*, and the Supreme Court denied certiorari, *see* Doc. 143 at 36.

In October of 2002, Lombardi filed a counseled motion to vacate his conviction and sentence under 28 U.S.C. § 2255. Docs. 143, 144. The motion raised numerous claims of relief but made no claim that the offenses charged in Counts One and Three were not crimes of violence for purposes of the § 924(c) offenses charged in Counts Two and Four. *See generally* Doc. 144. Lombardi also filed a *pro se* motion for a new trial, alleging the government had failed to turn over exculpatory evidence. Doc. 155. This Court denied both motions. Doc. 159. Both this Court and the Eleventh Circuit denied Lombardi's motion to appeal the denial

of his § 2255 motion, Docs. 165, 170, 182, and the denial of his motion for a new trial was affirmed on appeal, Doc. 188. In November of 2005, Lombardi filed another motion to vacate his conviction and sentence under § 2255. Doc. 190. This Court denied the motion as successive. Doc. 198. And once again, both this Court and the Eleventh Circuit denied a certificate of appealability. Docs. 204, 210.

### B. The Invalidation of § 924(c)'s Residual Clause & Authorization to File a Successive § 2255 Motion

Lombardi's § 924(c) convictions in Counts Two and Four were predicated on the § 844(i) offenses charged in Counts One and Three, which alleged that Lombardi did "knowingly, intentionally, and maliciously damage and attempting to damage by means of an explosive" FAMU's Lee Hall and the Perry-Paige Building, respectively. Doc. 87 at 1-3. To qualify as a crime of violence under § 924(c), a conviction for maliciously damaging property under § 844(i) must either (A) have "as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) by its nature, "involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The former definition is commonly known as the "elements" or "force" clause, while the latter is commonly known as the "residual" or "risk-of-force" clause. *See United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2018). This response refers to them as the "elements" and "residual" clauses, respectively.

On June 24, 2019, following in the footsteps of *Johnson* and *Dimaya*,[2] the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019), that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. The *Davis* Court rejected the Eleventh Circuit's conduct-based interpretation of § 924(c)(3)(B). *Id.* at 2325 & n.2, 2332-33. Accordingly, after *Davis*, a conviction can only qualify as a "crime of violence" for § 924(c) purposes if it has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In the months following *Davis*, Lombardi sought permission from the Eleventh Circuit to file a successive motion to vacate under § 2255 challenging his § 924(c) convictions. *See* Doc. 221; 28 U.S.C. § 2255(h)(2). The Eleventh Circuit granted Lombardi's application, observing that no precedent from it or the Supreme Court establishes whether a conviction for maliciously damaging property with an explosive device categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. Doc. 221 at 4. Accordingly, the panel concluded that Lombardi made a *prima facie* showing that "his § 924(c) convictions may be unconstitutional under *Davis*, as he potentially was convicted under the now-invalid residual clause of § 924(c)(3)(B)." *Id.* Importantly, the court's order

---

[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the ACCA's residual clause is unconstitutionally vague); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that the "nearly identical" residual clause language in § 16(b) is unconstitutionally vague).

emphasized that this Court must still decide *de novo* whether Lombardi's claim complies with the requirements established in § 2255(h). *Id.* at 4-5.

Having received the Eleventh Circuit's authorization, Lombardi filed a counseled motion to vacate his § 924(c) convictions on Counts Two and Four, raising two related arguments. Doc. 229. First, Lombardi argues that his convictions for maliciously damaging property with an explosive do not qualify as crimes of violence under § 924(c)(3)(A) because they do not have an element of force against the person or property of another. Doc. 229-1 at 15, 17, 20-21. Second, Lombardi notes that his predicate convictions cannot qualify under § 924(c)(3)(B)'s residual clause, which was invalided by *Davis*. *Id.* at 16, 21. Accordingly, Lombardi concludes that his two § 924(c) convictions—and their mandatory consecutive sentences—must be vacated. Doc. 229 at 5-6. Because they are "linked" to Counts Two and Four, Lombardi relatedly contends that his two convictions for maliciously damaging property with an explosive device (Counts One and Three) must be vacated in light of *Davis*. *Id.*; Doc. 229-1 at 20-21.

## II. Lombardi's Successive § 2255 Motion Must be Dismissed

*Davis* held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. In doing so, it created a new substantive rule that has been made retroactively applicable by the Supreme Court. *In re Hammoud*, 931 F.3d 1032, 1038-39 (11th Cir. 2019). Thus, Lombardi's successive motion, filed less than

year after *Davis*, articulates a timely *Davis* claim. *See* 28 U.S.C. § 2255(f)(3) (establishing that a claim is timely if it is filed within one year of the date on which a new right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review). Moreover, the government agrees that convictions under 18 U.S.C. § 844(i) do not qualify as crimes of violence under § 924(c)(3)(A)'s elements clause because the statute is indivisible and does not categorically require the use of force against the person or property *of another*.[3] *See United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018) (accepting the parties' agreement that an § 844(i) conviction does not qualify under the elements clause because it "does not require, as an element, the use of force against the property 'of another'; for example, § 844(i) may apply to a person who destroys his or her own property").While there can be no doubt that Lombardi was charged with and convicted of using force against the property *of another*, *see* Doc. 87 at 1-3, Doc. 88 at 13-15, Doc. 89, facts are unfortunately irrelevant to the categorical approach.[4]

---

[3] Section 844(i) provides:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, *any* building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both[.]

18 U.S.C. § 844(i) (emphasis added). "[W]hen Congress uses the word 'any' without language limiting the breadth of that word," as it did in § 844(i), "'any' means all." *Regions Bank v. Legal Outsource PA*, 936 F.3d 1184, 1194 (11th Cir. 2019).

[4] While the facts don't matter, the elements of a conviction do, and the Eleventh Circuit has long held that the government can narrow the elements of an offense by the way it charges the offense

*See United States v. St. Hubert*, 909 F.d 335, 348 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2323, 2336.

Nonetheless, Lombardi's successive motion must be dismissed. A defendant pursuing a successive collateral claim bears the burden of establishing that the claim is based on "a new rule of constitutional law." 28 U.S.C. § 2255(h)(2). Because Lombardi has not satisfied this burden, his *Davis* claim must be dismissed. *Id.* at § 2244(b)(4).

### A. 28 U.S.C. §§ 2244(b) & 2255(h)'s Standard for Successive Claims

As the Eleventh Circuit has previously recognized, a "successive motion does not stand in the place of a first § 2255 motion, allowing the movant to raise any claim that would have been cognizable in an original § 2255 proceeding." *In re Cannon*, 931 F.3d 1236, 1244 (11th Cir. 2019) (quoting *Solomon v. United States*, 911 F.3d 1356, 1360 (11th Cir.)) *abrogated on other grounds by Davis*, 139 S. Ct. 2319. "Rather, the claims raised in the successive § 2255 motion must still meet the requirements of § 2255(h)." *Id.* The Eleventh Circuit's preliminary determination that a defendant has made a *prima facie* showing that he has met the requirements of § 2255(h) "does not conclusively resolve that issue," and the district court must itself determine *de novo* whether the statutory requirements are met. *Id. See also*

---

in the indictment. *See, e.g.*, *United States v. Narog*, 372 F.3d 1243, 1247-48 (11th Cir. 2004); *United States v. Cancelliere*, 69 F.3d 1116, 1121 (11th Cir. 1995). But the categorical approach looks to the statute of conviction to ascertain the elements of the offense, not the indictment. *See St. Hubert*, 909 F.3d at 348.

*Randolph v. United States*, 904 F.3d 962, 965 (11th Cir. 2018) (collecting cases).

Moreover, unlike the lesser *prima facie* showing required for authorization from the

Court of Appeals, a defendant before the district court bears the burden of showing

that he *actually* meets the statutory requirements of §2255(h). *See In re Moore*, 830

F.3d 1268, 1272 (11th Cir. 2016) (noting that the defendant "has the burden of

showing of *actual* entitlement to relief on his *Johnson* claim." (emphasis added));

*Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1358 (11th Cir. 2007) ("The

statute puts on the district court the duty to make the initial decision about whether

the petitioner meets the § 2244(b) requirements—not whether he has made out a

prima facie case for meeting them, but whether he actually meets them.").

    As relevant here, § 2255(h)(2) provides that a successive motion must rely

on "a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).[5]

Section 2244, which is cross-referenced in § 2255(h), contains an important and

express directive. *See In re Bradford*, 830 F.3d 1273, 1276 (11th Cir. 2016) (observing

that "§ 2255(h) incorporates the whole range of procedures and limitations set out

in § 2244(b)(1), (b)(3), and (b)(4)"). Namely, it instructs that the district court "shall

dismiss any claim presented in a second or successive application that the court of

appeals has authorized to be filed unless the applicant shows that the claim satisfies

---

[5] Section 2255(h)(1), which applies when a defendant asserts "newly discovered evidence," is
plainly inapplicable here.

the requirements of this section." *Id.* at § 2244(b)(4). As stated above, requirement applicable here is that each claim is based on a "new rule of constitutional law" made retroactive by the Supreme Court. *Id.* at § 2255(h)(2).

Section § 2255(h)'s bar is applied on a claim-by-claim basis. *Cannon*, 931 F.3d at 1241 n.3 (granting authorization for a *Davis* claim but denying review for a separate claim that did not rely on a new rule of constitutional law made retroactive by the Supreme Court and thus did not satisfy § 2255(h)). *See also In re Garrett*, 908 F.3d 686, 689-90 (11th Cir. 2018) *abrogated on other grounds by Davis*, 139 S. Ct. 2319 (2019); *Jordan*, 485 F.3d at 1357 (explaining, under the analogous provision for successive § 2254 petitions, that all claims raised in the successive petition must within one of the statutory grounds for successive petitions). And significantly, § 2255(h)'s gatekeeping function is jurisdictional-—only after the district court determines that the claim meets § 2255(h)'s requirements does the court have jurisdiction to consider whether relief should be granted. *Randolph*, 904 F.3d at 964; *Ziglar v. United States*, 757 F.App'x 886, 889 (11th Cir. 2018).[6]

### B. Only a Davis Claim Can Survive § 2255(h)(2)'s Bar

In his successive motion, Lombardi argues that his conviction for

---

[6] The Court of Appeals authorization gives the district court jurisdiction to consider whether the § 2255(h) requirements have been satisfied. *Randolph*, 904 F.3d at 964. Only after the court determines the claim satisfies the requirements in § 2255(h) does it have jurisdiction to consider the merits and grant relief. *Id.*

maliciously damaging property qualifies as a crime of violence under neither § 924(c)(3)(A)'s force clause nor § 924(c)(3)(B)'s (now invalidated) residual clause. As Eleventh Circuit precedent makes clear, these are two distinct and "very different" claims, one that asserts Lombardi was erroneously convicted under residual clause, the other asserting that Lombardi was erroneously convicted under the elements clause. *See Beeman v. United States*, 871 F.3d 1215, 1220 (11th Cir. 2017) (observing that a defendant had raised separate *Johnson* and *Descamps* claims where he argued that his conviction had qualified under the residual clause and would no longer qualify under the elements clause). *See also In re Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016); *Muhammad v. United States*, 768 F.App'x 897, 900 n.2 (11th Cir. 2019); *Daniel v. United States*, 738 F.App'x 669, 671 (11th Cir. 2018).

As stated above, *supra* at 8, *Davis* established a new rule of constitutional law made retroactively applicable by the Supreme Court, so a claim premised on *Davis* can survive § 2255(h)(2)'s bar.[7] But Lombardi's argument that his conviction for maliciously damaging property under § 844(i) cannot qualify under § 924(c)(3)(A)'s elements clause does not rely on *Davis* or any other new rule of constitutional law. Doc. 229-1 at 15, 17, 20-21. Rather, it relies primarily on the proper application of the categorical approach. *See id.* This is predominantly an

---

[7] While a claim premised on *Davis* can survive § 2255(h)(2), the defendant must still prove that he falls within the substantive rule announced in *Davis* to do so. *Griffin,* 823 F.3d at 1354; *infra* at 15.

issue of statutory interpretation—not of constitutional law—and it is certainly now new. *See Descamps v. United States*, 570 U.S. 254, 260 (2013) (discussing how its prior case law, beginning with *Taylor v. United States*, 495 U.S. 575 (1990), dictates the proper application of the categorical and modified categorical approaches); *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013) (applying the categorical approach to § 924(c)(3)(A)-(B) "because of the statute's terms"); *Garrett*, 908 F.3d at 689 ("The substitution of one interpretation of a statute for another never amounts to a new rule of *constitutional* law … not even when it comes from the Supreme Court." (internal citation omitted)); *Griffin*, 823 F.3d at 1356 (recognizing that *Descamps* did not announce a new rule of constitutional law).[8] Moreover, a defendant cannot use a timely residual clause claim "as a portal to relitigate whether [a predicate] qualifies under the elements clause." *See Hires*, 825 F.3d at 1303; *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016).

Accordingly, to the extent Lombardi seeks to argue that his § 924(c) convictions cannot be based on the elements clause, that claim—which is distinct from a *Davis* residual clause claim, *see Beeman*, 871 F.3d at 1220—must be dismissed as successive because it does not rely on a new rule of constitutional law,

---

[8] For similar reasons, the elements clause claim is also untimely. *See* 28 U.S.C. § 2255(f)(1)&(3) (providing that a claim is timely if it is filed within one year of either (1) finality or (2) the date on which the Supreme Court recognizes a new right that is retroactively applicable). However, because the claim does not satisfy the requirements of § 2255(h)(2), timeliness is irrelevant. *See Cannon*, 931 F.3d at 1244-45.

as required by § 2255(h)(2). This Court simply lacks jurisdiction over the claim. *See Randolph*, 904 F.3d at 964; *Ziglar*, 757 F.App'x at 889.

### C. Lombardi's Davis *Claim Must be Dismissed Because He Cannot Show his § 924(c) Convictions were Based on § 924(c)(3)(B)'s Residual Clause*

To prove that his claim relies on the new rule of constitutional law established in *Davis*, Lombardi bears the burden of showing that his § 924(c) convictions were based solely on § 924(c)(3)(B)'s residual clause. *See Hammoud*, 931 F.3d at 1041 ("in the district court, Hammoud will bear the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from application of solely the residual clause."); *In re Moore*, 830 F.3d 1268, 1271-72 (11th Cir. 2016) ("The district court must decide whether or nor Moore was sentenced under the residual clause in 2005, whether the new rule in *Johnson* is implicated …, and whether the § 2255(h) applicant has established the § 2255(h) statutory requirements for filing a second or successive motion." (alternation omitted)); *Hires*, 825 F.3d at 1303 ("what matters … is whether, at sentencing, [the defendant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under *Johnson*, or pursuant to the elements clause, which would not."); *Griffin*, 823 F.3d at 1354; *Thomas*, 823 F.3d at 1348.

More specifically, under the Eleventh Circuit's precedent in *Beeman*, 871 F.3d at 1221-25, Lombardi must show that it is more likely than not that his

§ 924(c) convictions were premised solely on § 924(c)(3)(B)'s residual clause and not § 924(c)(3)(A)'s elements clause, which survived *Davis*.[9] This is a question of "historical fact," *id.* at 1222-24 & n.5, and to answer it, the court "look[s] first to the record." *United States v. Pickett*, 916 F.3d 960, 963 (11th Cir. 2019). "Sometimes the answer will be clear—'[s]ome [] records may contain direct evidence: comments or findings by the [] judge indicating that the residual clause was relied on and was essential.'" *Id.* (quoting *Beeman*, 871 F.3d at 1224 n.4). The court may also "look elsewhere in the record, to a PSI for example, to find circumstantial evidence." *Id.* And if the record is not determinative, the court looks to the "case law at the time of [conviction and] sentencing." *Id.* "[I]f the law was clear at the

---

[9] *Beeman* involved an initial § 2255 motion with a *Johnson* challenge to an ACCA sentence. In that case, the court held that the defendant bears the burden of proving that he was sentenced under the residual clause to succeed on the *merits* of his *Johnson* claim. 871 F.3d at 1221-22. However, a defendant pursuing a residual-clause-based challenge in an initial § 2255 motion does not shoulder the preliminary burden of proving that his claim relies on a new rule of constitutional law. The only way to show that the claim relies on a new rule of constitutional law for successive claims based on *Johnson* or *Davis* is to actually show that the defendant's conviction and/or sentence was based on the unconstitutional residual clause. *See, e.g.*, *Hires*, 825 F.3d 1297, 1303. So, for successive motions like Lombardi's, the district court's § 2255(h)(2) analysis overlaps with a merits determination. *See Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) (observing that the district court's conclusion that the defendant's motion did not meet the requirements of § 2255(h)(2) "was necessarily on the merits of [the defendant's] claim, because under § 2255(h)(2) it is the merits of the claim itself that qualify it to be heard."). *See also Perez v. United States*, 730 F.App'x 804, 810 (11th Cir. 2018) (observing that the district court's determination of whether a *Johnson* claim meets the requirements for a successive motion "is itself an evaluation of the merits of the *Johnson* claim.").

At any rate, whether the analysis is characterized as a threshold § 2255(h)(2) determination or a determination on the merits of the claim, the Eleventh Circuit's precedent is clear that, for a residual-clause-based challenge to a conviction or sentence—again, the only type of challenge this Court has jurisdiction under § 2255(h)(2) to consider, *see supra* at 13-15—the defendant bears the burden of proving that his conviction was based on the residual clause.

time of [conviction] that only the residual clause would authorize a finding that the [predicate] conviction was a [crime of violence], that circumstance would strongly point to a [conviction] per the residual clause." *Beeman*, 871 F.3d at 1224 n.5. But where the record is silent and "the evidence does not clearly explain what happened … the party with the burden loses." *Id.* at 1224-25.

Lombardi cannot meet his burden under *Beeman*, so his *Davis* claim must be dismissed. The predicate for Lombardi's § 924(c) convictions is maliciously destroying property by means of an explosive under 18 U.S.C. § 844(i), as charged in Counts One and Three of the indictment. Doc. 87 at 1-3. Nothing in the indictment indicates whether the two maliciously damaging property offenses charged were considered crimes of violence under § 924(c)(3)(A) or (c)(3)(B). *Id.* Nor does anything in the jury instructions or the presentence report. *See* Doc. 88 at 13-15; PSR ¶¶ 4, 6. Moreover, the government has reviewed the trial and sentencing transcripts in this case and did not find anything indicating one way or the other which clause(s) the government or the Court relied upon for the § 924(c) convictions.[10] This is likely because Lombardi seemingly never argued that the § 844(i) offenses charged in Counts One and Three were not crimes of violence.

---

[10] In calculating Lombardi's guideline range at sentencing, this Court concluded that Lombardi had knowingly "created a substantial risk of death or serious bodily injury" to another person. Doc. 124 at 15-18. *See also* PSR at ¶¶ 58, 66. But nothing in the record suggests this finding for purposes of U.S.S.G. § 2K1.4 had any relevance to whether the offenses charged in Counts One and Three qualified as crimes of violence under either the elements or residual clauses. *See* Doc. 124 at 9-18.

*See, e.g.*, Doc. 120 at 1136-37, 1160, 1221. Simply stated, the government has not found anything in the record that sheds light on this determinative question, and Lombardi's motion likewise identifies nothing.

The case law in existence during Lombardi's prosecution and sentencing—that is, before October of 1999—is equally unhelpful. As the Eleventh Circuit's order granting Lombardi's petition to file a successive motion notes, no precedent in this circuit establishes whether maliciously destroying property with an explosive device under § 844(i) constitutes a crime of violence under § 924(c)(3)(A)'s elements clause. Doc. 221 at 4. There is likewise appears to be no precedent stating that such a conviction qualifies under § 924(c)(3)(B)'s residual clause. But importantly, no law in existence at that time of Lombardi's conviction would have precluded the conclusion that the offenses charged in Counts One and Three of the indictment qualified as a crimes of violence under § 924(c)(3)(A). Lombardi was convicted and sentenced over a decade before the Eleventh Circuit interpreted § 924(c)(3)(A) to require categorical approach, *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013), and before the distinction between "means" and "elements" had emerged. *See Descamps*, 570 U.S. at 271-72. *See Hires*, 825 F.3d 1303 (recognizing that the requirement of divisibility was not articulated until 2013 when the Supreme Court issued its *Descamps* decision."). So even if this Court applied the categorical approach, it would have been entitled to consult the

indictment and jury instructions to ascertain whether the jury necessarily found that Lombardi had used force against the property of another. *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Adams*, 91 F.3d 114, 115-16 (11th Cir. 1996). Importantly, the indictment, the Court's jury instructions, and the verdict form all required the jury to find that Lombardi had damaged specific buildings at FAMU, a public university. Doc. 87 at 1-3; Doc. 88 at 10-15; Doc. 89. Thus, this Court would have been well within existing precedent to conclude that Lombardi's § 844(i) offenses were crimes of violence under § 924(c)(3)(A) because they required the use of force against the property of another.

To be sure, Lombardi's destruction of property offenses could have probably qualified under § 924(c)(3)(B)'s residual clause, though there appears to be no precedent so holding. But that doesn't help Lombardi. "[A]bsent clear precedent showing that the court could have only used one clause or another, a conviction's eligibility under one or the other clause cannot be determinative because the conviction's arguable *qualification* under the [residual] clause would not necessarily mean the judge *relied* on that clause." *See Pickett*, 916 F.3d at 964 (internal citations omitted) (emphasis in original). So the observation that the conviction qualified under the residual clause would only get Lombardi "halfway. He still needs to show that it is unlikely that the trial court thought the conviction[] also qualified under the elements clause." *Id.* at 955. As the above law makes clear, no precedent

at the time of Lombardi's indictment, conviction, or sentencing, would have precluded the conclusion that the malicious destruction of property offenses Lombardi was convicted of committing in Counts One and Three qualified as a crimes of violence under the § 924(c)(3)(A)'s elements clause.

At most, Lombardi has pointed out that malicious destruction of property convictions fail to qualify under the elements clause under current law. Doc. 229-1 at 15, 17, 20-21. True, but that "casts very little light, if any, on the key question of historical fact here." *Beeman*, 871 F.3d at 1224 n.5. Where, as here, it is unclear whether the Court relied "on the residual clause or the elements clause, or both" to find that Lombardi's § 844(i) convictions qualified as a crimes of violence, Lombardi—the party with the burden—loses. *Id.* at 1225.

Because Lombardi cannot show that his claim depends on a new rule of constitutional law—or, more specifically, that "he falls within the scope of the new substantive rule announced in [*Davis*]," *Griffin*, 823 F.3d at 1354—there is nothing left for this Court to consider. Section § 2244(b)(4) mandates dismissal.[11] *See Levert v. United States*, 766 F.App'x 932 (11th Cir. 2019) (affirming the district court's dismissal of a *Johnson* claim as successive where the defendant did not show that

---

[11] Lombardi asserts that his claims are not procedurally barred. Doc. 229-1 at 5-7. Because Lombardi has not satisfied the requirements of § 2255(h)(2), this Court need not consider whether his *Davis* claim is procedurally barred. *See Cannon*, 931 F.3d at 1244-45 ("should the district court conclude that Cannon has established the statutory requirements for filing a second or successive motion, it shall proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise, such as waiver, procedural default, or the concurrent sentence doctrine." (internal quotations omitted)).

the sentencing court relied on the residual clause); *Boykin v. United States*, 783 F.App'x 1001 (11th Cir. 2019) (noting that dismissal is the proper remedy where the defendant's claim fails to satisfy the requirements of § 2255(h)).[12]

### D. Regardless of Its Merits, Lombardi's Davis Claim Does Not Extend to Counts One and Three

Lombardi's motion also argues that his convictions on Counts One and Three—that is, the substantive malicious destruction of property offenses that serve as his two § 924(c) predicate crimes of violence—also must be vacated under *Davis*. Doc. 229 at 5-6; Doc. 229-1 at 20-21. Lombardi has not articulated how *Davis* impacts these convictions other to say that they are "linked" to his § 924(c) convictions and do not qualify as crimes of violence. But whether Lombardi's convictions under § 844(i) qualify, as a matter of law, as crime of violence predicates for purposes of § 924(c) and Counts Two and Four has no bearing on

---

[12] In candor to the Court, the government has previously consented to § 2255 relief for defendants challenging § 924(c) convictions via *initial* § 2255 motions presenting related residual clause and elements clause claims. *See United States v. Dugas*, N.D. Fla. No. 5:03cr29-MCR-MJF, Doc. 50 (Government Response to Defendant's § 2255 motion, filed October 24, 2019). In those circumstances, the government recognizes that the defendants' motions generally present timely *Davis* claims as well as separate and untimely claims that they were erroneously convicted under § 924(c)(3)(A)'s elements clause. *Id.* at 6-10. Where the government agrees that the § 924(c) predicate does not qualify under the elements clause, it waives its statute of limitations defense to the untimely elements clause claim, which allows the Court to grant relief on the claims. *Id.*

However, initial motions are not subject to § 2255(h)'s jurisdictional limitations and, as discussed above, defendants such as Lombardi who are pursuing relief through a successive § 2255 motion must allege a claim relying on a new rule of constitutional law for the court to have jurisdiction over the claim. *Randolph*, 904 F.3d at 964. Because elements clause claims do not rely on new rules of constitutional law, the court simply lacks jurisdiction over the claim. Thus, there is no elements clause claim to be considered by the court, and no untimeliness defense to be asserted (or waived) by the government.

whether Lombardi was properly convicted under § 844(i) on Counts One and Three. *Davis*'s invalidation of § 924(c)(3)(B)'s residual clause simply has nothing to do with Lombardi's two substantive convictions under § 844(i). Thus, regardless of whether the § 924(c) convictions on Counts Two and Four are due to be vacated, Lombardi remains properly convicted of malicious destruction of property under § 844(i) for the bombings of FAMU's Lee Hall and Perry-Paige Building.

III.    If This Court Concludes Lombardi is Entitled to Relief Under § 2255, the Appropriate Remedy is a Resentencing on the Surviving Counts

If this Court concludes that Lombardi has satisfied the requirements of § 2255(h)(2) and is entitled to relief under *Davis*, the government requests that this matter be set for resentencing. Lombardi asks this Court to vacate his convictions on Counts One through Four and impose a sentence of time served on the remaining counts with his immediate release. Doc. 229 at 6; Doc. 229-1 at 30. Given the seriousness of the conduct in this case, and in the absence of a mandatory life sentence, the government disagrees that the imposition of a time-served sentence, without a resentencing, is an appropriate remedy in this case. The government also disagrees that a sentence of time served—which equates to a sentence of approximately 20 years—is substantively reasonable in light of all the § 3553(a) factors.

When a court grants a § 2255 motion, the statute requires two things. "First, the court must vacate and set the judgment aside." *United States v. Brown*, 879 F.3d

1231, 1235 (11th Cir. 2018). "Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." *Id.* "A resentencing is close to beginning the sentencing process anew and is open-ended and discretionary." *United States v. Thomason*, 940 F.3d 1166, 1171 (11th Cir. 2019) (quoting *Brown*, 879 F.3d at 1236). "A sentence correction, in contrast, is a more limited remedy, responding to a specific error." *Id.* (quotations omitted). The relief to be granted is a matter of discretion, and the statute's only requirement is that the remedy be "appropriate." 28 U.S.C. § 2255(b).

When a district court vacates a § 924(c) conviction (or convictions) after a successful § 2255 motion, the court has jurisdiction to fully resentence the defendant on the remaining counts. *United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997). Indeed, in the Guidelines era, it is well accepted that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). Since a multicount sentence is a package, "severing part of the total sentence usually will unbundle it." *Mixon*, 115 F.3d at 903. And when the "sentencing package [becomes] unbundled," the Court has the authority to "recalculate and reconsider the sentence for it to comport with the

[Court's] original intentions at sentencing." *United States v. Watkins*, 147 F.3d 1294, 1297 (11th Cir. 1998). *See also Davis*, 137 S. Ct. 1170, 1176 (quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017) and recognizing that "when a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentence for any remaining counts if such an increase is warranted."). The court may impose higher as well as consecutive sentences on the remaining counts so long as the total new sentence does not exceed the total original sentence. *See Fowler*, 749 F.3d at 1023; *Watkins*, 147 F.3d at 1298; *Mixon*, 115 F.3d at 904; *United States v. Cochran*, 883 F.3d 1012, 1016-17 (11th Cir. 1989).

The vacatur of the consecutive mandatory minimums in this case— including a mandatory life sentence—would substantially undo this Court's original sentencing package. This Court's sentence on Counts One, Three, Five, and Six was no doubt influenced by Count Two and Four's mandatory consecutive minimums. *See Dean v. United States*, 137 S. Ct. 1170, 1178 (2017) (courts may take consecutive § 924(c) sentences into account when determining the sentence for predicate counts); *Fowler*, 749 F.3d at 1017 (Observing that "sentences that include a mandatory consecutive term of imprisonment … are particularly well suited to being treated as a package because they are inherently interdependent." (internal alternations and quotations omitted)). And in imposing a new sentence, this Court

will be tasked with exercising its discretion on "questions the court was not called upon to consider at the original sentencing." *See Brown*, 879 F.3d at 1239-40. Moreover, while Lombardi has been incarcerated for approximately 20 years, the combined statutory maximum for Counts One, Three, Five, and Six is 60 years. *See* 18 U.S.C. § 844(i) (providing a statutory maximum of 20 years for a § 844(i) conviction where no one is injured); *Id.* at § 245(b) (providing for a statutory maximum of 10 years for a § 245(b) offense involving the use of explosives).

In light of the seriousness of Lombardi's offenses, and the significant changes in the mandatory minimum penalties, if this Court determines that relief is warranted, the appropriate remedy is to resentence Lombardi on the remaining Counts of conviction. Of course, this Court may ultimately decide that the § 3553(a) factors are satisfied by a sentence of time served. But this case is too important for this Court to make that significant determination without hearing further from both the government as well as Lombardi (who, as far as the government is aware, has yet to accept responsibility or express remorse for his actions). "The package should be repackaged to ensure that the punishment fits both the criminal and the crime." *Fowler*, 749 F.3d at 1018.

## IV.   Conclusion

For the forgoing reasons, the government contends that Lombardi's motion must be dismissed, or alternatively denied, because he has not shown that his motion relies on a new rule of constitutional law in that his § 924(c) convictions were based solely on the unconstitutional residual clause. Should this Court disagree and grant Lombardi's motion as to Counts Two and Four, the government contends that full resentencing on Counts One, Three, Five, and Six is the only appropriate remedy in this case.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

JORDANE E. LEARN
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 117808
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
(850) 942-8430
jordane.e.learn@usdoj.gov

<u>CERTIFICATE OF COMPLIANCE</u>

I certify that this response complies with Local Rule 7.1(F) U.S. District Court for the Northern District of Florida. This notice contains <u>6,859</u> words.

*s/ Jordane E. Learn*
JORDANE E. LEARN
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I certify that one copy of the foregoing has been served electronically via CM/ECF to Patricia Jean Kyle, appointed counsel for Defendant Lawrence Lombardi, this 14th day of April 2020.

*s/ Jordane E. Learn*
JORDANE E. LEARN
Assistant United States Attorney
